**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6487**

JORGE J. SOLANO-MORETA,

                Petitioner - Appellant,

     v.

D. R. STEPHENS,

                Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:11-hc-02255-BO)

Submitted: July 25, 2013          Decided: July 29, 2013

Before GREGORY, DAVIS, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jorge J. Solano-Moreta, Appellant Pro Se. Christina Ann Kelly, BUREAU OF PRISONS, Butner, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge J. Solano-Moreta, a federal prisoner, appeals the district court's order entering summary judgment and denying relief on his 28 U.S.C.A. § 2241 (West 2006 & Supp. 2013) petition, in which he challenged his loss of twenty-seven days of good time credit after a prison disciplinary hearing officer concluded that he had threatened to kill a guard.

Solano-Moreta claims that the disciplinary hearing officer denied him due process by relying on false incident reports. But an inmate's federal due process rights are not violated by the determination of a disciplinary hearing officer as long as there is "any evidence in the record that could support the conclusion reached by the [officer]." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); see Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Because the district court was precluded from making independent credibility assessments or reweighing the evidence against Solano-Moreta, it properly declined Solano-Moreta's invitation to reevaluate his disciplinary hearing on the merits under the guise of ensuring that it rendered him due process. Hill, 472 U.S. at 455.

Solano-Moreta also claims that the disciplinary hearing denied him due process because it was conducted in his absence. But an inmate's right to call witnesses and present evidence in his own defense at a disciplinary hearing may be

2

overcome if it is "unduly hazardous to institutional safety or correctional goals" to permit him to do so. Brown v. Braxton, 373 F.3d 501, 505 (4th Cir. 2004) (quoting Wolff v. McDonnell, 418 U.S. 539, 566 (1974)). See also 28 C.F.R. § 541.8(e)(2) (2013) (permitting inmates to be present at disciplinary hearings except when institutional security would be compromised by the inmate's presence); 28 C.F.R. § 541.17(d) (2010) (same); Battle v. Barton, 970 F.2d 779, 782-83 (11th Cir. 1992) (holding that an inmate may be removed from his disciplinary hearing where the removal is logically related to correctional goals).

Here, Solano-Moreta was removed from the hearing because he became so disruptive that the hearing officer believed that his continued presence would be a threat to the safety of the prison staff. Despite Solano-Moreta's absence, the hearing officer reviewed the testimony of each of Solano-Moreta's profferred witnesses in the presence of the staff representative whom Solano-Moreta had requested to assist him. We agree with the district court that, on the circumstances of this case, Solano-Moreta's disciplinary hearing comported with the Due Process Clause. See Wolff, 418 U.S. at 566-67.[*]

---

[*] To the extent that Solano-Moreta asserts that the district court should have reviewed video footage of the disciplinary hearing to ascertain whether he actually became so disruptive as to justify his expulsion, we note that there is no evidence in
(Continued)

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

the record that the hearing actually was recorded or that any such recording supports Solano-Moreta's allegations.